FILED
CLERK, U.S. DISTRICT COURT
8/8/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: TV DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:23-cr-00391-JAK |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (viii), (b)(1)(B)(vi), (b)(1)(C): Distribution and Possession with Intent to Distribute Fentanyl and Methamphetamine] |
| STEPHEN REID and MELISSA GOUDEAU, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A. OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing through on or about June 7, 2023, in Ventura County, within the Central District of California, and elsewhere, defendants STEPHEN REID and MELISSA GOUDEAU conspired with each other and others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute at least 40 grams of

a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi).

B.  MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant GOUDEAU would arrange to sell fentanyl to drug customers located in the Central District of California, including Ventura, California.

2. Defendant GOUDEAU would discuss the price of fentanyl with defendant REID, and defendant REID would supply defendant GOUDEAU with fentanyl to sell to drug customers.

3. Defendant GOUDEAU would then transport and sell the fentanyl that defendant REID provided to drug customers.

C.  OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects, on or about the following dates, defendants REID and GOUDEAU, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On March 26, 2023, in a phone call using coded language, defendant GOUDEAU arranged to sell approximately 25 grams of fentanyl to a person defendant GOUDEAU believed to be a drug customer, but who was, in fact, a confidential source working with law enforcement ("Confidential Source 1").

<u>Overt Act No. 2</u>:   On or before March 26, 2023, defendant GOUDEAU contacted defendant REID to coordinate the price of approximately 25 grams of fentanyl.

<u>Overt Act No. 3</u>:   On March 26, 2023, defendant GOUDEAU called Confidential Source 1 and stated the purchase price of the 25 grams of fentanyl would be $800 because the quality had gone up.

<u>Overt Act No. 4</u>:   On March 28, 2023, defendant GOUDEAU drove to defendant REID's residence and obtained approximately 25.025 grams of a mixture and substance containing fentanyl from defendant REID to sell to Confidential Source 1.

<u>Overt Act No. 5</u>:   On March 28, 2023, defendant GOUDEAU sold approximately 25.025 grams of a mixture and substance containing fentanyl to Confidential Source 1 for $800.

<u>Overt Act No. 6</u>:   In April and May 2023, via phone calls using coded language, defendant GOUDEAU arranged to sell fentanyl that was supplied by defendant REID to Confidential Source 1.

<u>Overt Act No. 7</u>:   On May 3, 2023, defendant REID delivered approximately 37.5 grams of a mixture and substance containing fentanyl to defendant GOUDEAU so that defendant GOUDEAU could sell the fentanyl to Confidential Source 1.

<u>Overt Act No. 8</u>:   On May 3, 2023, defendant GOUDEAU sold approximately 37.5 grams of a mixture and substance containing fentanyl that was supplied by defendant REID to Confidential Source 1 for $1,100.

<u>Overt Act No. 9</u>:   In June 2023, via phone calls using coded language, defendant GOUDEAU arranged to sell fentanyl that was supplied by defendant REID to Confidential Source 1.

  <u>Overt Act No. 10:</u>  On June 7, 2023, defendant GOUDEAU drove to defendant REID's residence and obtained approximately 50 grams of a mixture and substance containing fentanyl to sell to Confidential Source 1.

  <u>Overt Act No. 11:</u>  On June 7, 2023, defendant GOUDEAU sold approximately 50 grams of a mixture and substance containing fentanyl to Confidential Source 1 for $1,550.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about March 28, 2023, in Ventura County, within the Central District of California, defendants STEPHEN REID and MELISSA GOUDEAU, each aiding and abetting the other, knowingly and intentionally distributed approximately 25 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

## COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about May 3, 2023, in Ventura County, within the Central District of California, defendants STEPHEN REID and MELISSA GOUDEAU, each aiding and abetting the other, knowingly and intentionally distributed approximately 37.5 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about June 7, 2023, in Ventura County, within the Central District of California, defendants STEPHEN REID and MELISSA GOUDEAU, each aiding and abetting the other, knowingly and intentionally distributed at least 40 grams, that is, approximately 50 grams, of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT REID]

On or about July 27, 2023, in Ventura County, within the Central District of California, defendant STEPHEN REID knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 499 grams, of a mixture and substance containing a detectible amount of fentanyl, a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT REID]

On or about July 27, 2023, in Ventura County, within the Central District of California, defendant STEPHEN REID knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 377 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of any of the offenses set forth in Counts One through Six of this Indictment.

2. A defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

SURIA M. BAHADUE
Assistant United States Attorney
Criminal Appeals Section